# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No: 2:15-cv-14370-ROSENBERG/LYNCH

NERKEIN CAMPOS,

     Plaintiff,

v.

CHAVAM ENTERPRISES, INC. and
CHAVOITA LESANE,

     Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Default Judgment against the Defendant, Chavam Enterprises, Inc. [DE 21] and Plaintiff's Motion for Entry of Default Judgment against the Defendant, Chavoita Lesane [DE 22]. Having heard evidence of Plaintiff's damages at an evidentiary hearing on February 16, 2016, and being fully advised in the premises, the Motions for Default Judgment [DE 21, 22] are hereby **GRANTED**.

### I.     PROCEDURAL HISTORY

Plaintiff initiated this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, ("FLSA"), alleging that Defendants, her former employers, denied her overtime and a minimum wage. *See* DE 1. The complaint alleges that Defendants' denial of wages was "knowingly and willfully" done. *Id.* at ¶¶ 43, 54. The complaint seeks unpaid wages, liquidated damages, costs, and reasonable attorney's fees and costs, and "estimates that the total of unpaid wages and overtime wages due to [Plaintiff] is $4,721.33." *Id.* at ¶ 34.

Defendants were served with process on November 13, 2015. *See* DE 11-12. Defendants' response to the complaint was therefore due on December 4, 2015. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

When Defendants failed to timely respond, Plaintiff moved for and obtained a Clerk's default against them on December 7, 2015. *See* DE 17-18. Plaintiff filed the instant motions seeking default judgments on January 12, 2016. *See* DE 21-22.

## II.     LEGAL STANDARD

A default admits the complaint's well-pleaded allegations of fact. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). A "judgment of default awarding cash damages [can] not be properly entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* (quoting *Freeman*, 605 F.2d at 857); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("Federal law . . . requires a judicial determination of damages absent a factual basis in the record."). Under Rule 55, "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to," *inter alia*, "determine the amount of damages[.]" Fed. R. Civ. P. 55(b)(2)(B).

## III.     DISCUSSION

### A.    <u>Liability</u>

By virtue of the default, the Defendants have admitted the well-pled allegations of Plaintiff's complaint, which are as follows. Defendant Chavoita Lesane owns, manages, or operates Defendant Chavam Enterprises. *See* DE 1 at ¶ 4. Defendant Chavam Enterprises operates a restaurant and night club in St. Lucie County, advertised as "Country Kitchen" and "Chavam's Lounge." *See* DE 1 at ¶¶ 12-13. Plaintiff Nerkein Campos was employed by Defendants from June 3, 2015 until August 9,

2

2015. *Id.* at ¶ 14. She "was responsible for making flyers, waiting on tables, handling paperwork, managing the front of the store, acting as bartender, and training new employees." *Id.* at ¶ 15. Some, but not all, of Plaintiff's duties were that of a tipped employee. *Id.* at ¶17. If Plaintiff received tips, Defendant Lesane would not pay her any additional money; if she received no tips, Lesane would "put $20.00 or $30.00 into the tip jar, depending on the number of employees working that shift, and would instruct the employees to split the money." *Id.* at ¶¶ 22-23. Defendants failed to pay Plaintiff overtime wages in violation of 29 U.S.C. § 207, and failed to pay Plaintiff a minimum wage in violation of 29 U.S.C. § 206.

### B.   **Damages**

#### 1.  **Unpaid Wages**

At the evidentiary hearing on damages, Plaintiff testified that Defendants agreed to pay her wages of $8.00 per hour, but then did not pay her except using the tip jar method described *supra*. She testified that she independently kept a handwritten record of the hours she worked while employed by Defendants. This document was admitted into evidence and shows the following:

- Plaintiff worked 35 hours the week of June 1, 2015. At a rate of $8.00/hour, the Plaintiff is entitled to payment of $280.00.

- Plaintiff worked 33.5 hours the week of June 8, 2015. At a rate of $8.00/hour, the Plaintiff is entitled to payment of $268.00.

- Plaintiff worked 16 hours the week of June 15, 2015. At a rate of $8.00/hour, the Plaintiff is entitled to payment of $128.00.

- Plaintiff worked 32 hours the week of June 22, 2015. At a rate of $8.00/hour, the Plaintiff is entitled to payment of $256.00.

- Plaintiff worked 67 hours the week of June 29, 2015. At a regular hourly rate of $8.00/hour for the first 40 hours and an hourly rate of $12/hour for the remaining 27 hours, the Plaintiff is entitled to payment of $644.00

- Plaintiff worked 94 hours the week of July 6, 2015. At a regular hourly rate of $8.00/hour for the first 40 hours and an hourly rate of $12/hour for the remaining 54 hours, the Plaintiff is entitled to payment of $968.00.

- Plaintiff worked 92 hours the week of July 13, 2015. At a regular hourly rate of $8.00/hour for the first 40 hours and an hourly rate of $12/hour for the remaining 52 hours, the Plaintiff is entitled to payment of $944.00.

- Plaintiff worked 90.5 hours the week of July 20, 2015. At a regular hourly rate of $8.00/hour for the first 40 hours and an hourly rate of $12/hour for the remaining 50.5 hours, the Plaintiff is entitled to payment of $926.00.

- Plaintiff worked 33 hours the week of July 27, 2015. At a rate of $8.00/hour, the Plaintiff is entitled to payment of $264.00.

*See* DE 33. Based on this document and Plaintiff's testimony, which the Court finds credible, the Court finds Plaintiff is entitled to unpaid wages in the amount of $4,678.00.

### 2. Liquidated Damages

The FLSA provides: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages*." 29 U.S.C. § 216(b) (emphasis added). An award of liquidated damages is mandatory unless the defendant employer can establish that it acted in good faith and under the reasonable belief that it was in compliance with the FLSA. *See Wajcman Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1358 (S.D. Fla. 2009) (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F. 3d 1259, 1272 (11th Cir. 2008) and *Joiner v. City of Macon*, 814 F.2d 1537, 1538 (11th Cir. 1987)).

Plaintiff's complaint alleges that Defendants' violations of the FLSA were knowing and willful, *see* DE 1 at ¶¶ 43, 54, and Defendants have admitted this allegation by virtue of the default. Accordingly, Plaintiff is entitled to recover liquidated damages. *See, e.g., Bofferding v. C.J.'s Sandwich Shop, Inc.*, 2008 WL 2952973 (M.D. Fla. July 30, 2008) (awarding liquidated damages in FLSA case following a default); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) ("By virtue of its default, [defendant] has admitted a willful violation of [the

FLSA], and the Court is precluded from finding good faith."). As the Court finds that Plaintiff is entitled to $4,678.00 in unpaid wages, she is entitled to recover another $4,678.00 in liquidated damages, for a total of $9,356.00.

### 3. Attorney's Fees and Costs

The FLSA provides for recovery of a plaintiff's attorney's fees and costs. *See* 29 U.S.C. § 216(b). Although Plaintiff's Motions for Default Judgment originally sought attorney's fees, *see* DE 21 and DE 22, Plaintiff's counsel withdrew this request at the evidentiary hearing. The Court finds that Plaintiff is entitled to recover $425 in costs, representing $65 for service on each Defendant and $295 for the filing fee.

## IV.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Entry of Default Judgment against the Defendant, Chavam Enterprises, Inc. [DE 21] and Plaintiff's Motion for Entry of Default Judgment against the Defendant, Chavoita Lesane [DE 22] are **GRANTED**.

2. A final judgment consistent with this order will be entered separately.

3. The Clerk of the Court is instructed to **CLOSE THIS CASE**.

4. All pending motions are **DENIED AS MOOT,** all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this <u>19th</u> day of February, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

5