UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14370-CIV-ROSENBERG/MAYNARD

**NERKEIN CAMPOS,**

 **Plaintiff,**

**v.**

**CHAVAM ENTERPRISES, INC. AND
CHAVOITA LESANE,**

 **Defendants.**
_____/

## REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS

 Plaintiff Nerkein Campos ("Plaintiff") filed a Motion for Order to Show Cause (DE 36) why Defendants Chavam Enterprises, Inc. ("Chavam") and Chavoita Lesane ("Defendant"[1]) should not be held in civil contempt for failing to comply with the default final judgment entered in this case at Docket Entry 35. United States District Judge Robin L. Rosenberg referred Plaintiff's Motion to the undersigned for appropriate disposition. DE 37. The undersigned granted Plaintiff's Motion and ordered Defendant respond why this Court should not find him in civil contempt or impose other sanctions against him. DE 45. Defendants never responded.

 Based on the certified facts below, the undersigned recommends that the District Court conduct further civil contempt proceedings to ensure Defendants compliance with the Final Judgment entered in this case. The undersigned also recommends that the District Court order

---

[1] Per the Complaint, DE 1 ¶ 4, Defendant owned, managed, and/or operated Chavam. According to publicly available information from the Florida Department of State, Division of Corporations, Defendant is listed as the Officer/Director and Registered Agent for Chavam. *See* Florida Department of State, Division of Corporations, available at sunbiz.org (last accessed January 22, 2021).

Defendants to pay Plaintiff $2,145.00 in attorneys' fees and costs incurred in pursuing the post-judgment deposition and related motions.

## BACKGROUND

The District Court entered Default Final Judgment in favor of Plaintiff and against the Defendants on February 19, 2016. DE 35. The Default Final Judgment obligates Defendants to pay Plaintiff $9,781.00. *Id.* Defendants did not pay that judgment award.

In an effort to collect on the judgment, Plaintiff sent a subpoena duces tecum in aid of execution to Defendant by certified mail on September 28, 2018. DE 36-1, 44-1. Defendant was subpoenaed for a deposition set for October 29, 2018 for the purpose of inquiring into Defendants' financial ability to pay the outstanding judgment. *Id.* Rule 69 of the Federal Rules of Civil Procedure permits Plaintiff to seek such discovery from Defendants to collect on the judgment award. *See* Fed. R. Civ. P. 69(a). Defendant did not appear for the deposition. DE 36-2 (Certificate of Non-Appearance).

Plaintiff made a second attempt to depose Defendant by re-setting the deposition for February 5, 2020. DE 44-2 (subpoena duces tecum in aid of execution dated January 17, 2020). Plaintiff's second subpoena was served on Defendant personally at his place of employment. DE 44-3 (Return of Service of Process). Defendant failed to appear for this deposition as well, DE 44-4 (Certificate of Non-Appearance), and did not contact Plaintiff regarding his attendance or attempt to reschedule the deposition. DE 36 at ¶ 6.

On April 7, 2020, Plaintiff moved for an order to show cause as to why Defendant failed to attend the deposition and why this Court should not hold him in civil contempt for failing to comply with the subpoena. DE 36. Plaintiff also asked for an order compelling Defendant to appear for his deposition and reimburse Plaintiff for the costs incurred in attempting to execute

this judgment. *Id*. After Defendants did not respond to Plaintiff's Motion for Order to Show Cause within the time permitted under this District's Local Rules, the undersigned ordered Defendant to confer in good faith with Plaintiff's counsel and file a Response to the motion by June 19, 2020. DE 38. Due to the length of time that had elapsed since the rendition of the Default Judgment, the Court ordered Plaintiff to have Defendant personally served with the Court's Order as well as Plaintiff's motion and the Default Final Judgment. *Id.*; *see also* DE 40, 40-1. Still, Defendants filed no Response.

The undersigned scheduled a telephonic hearing for June 29, 2020 to give Defendants the opportunity to respond orally to Plaintiff's motion. DE 43. Defendants made no appearance despite Defendant being personally served with Plaintiff's Motion and this Court's Order requiring a Response. *Id.* (audio recording on record with the Court); DE 40-1 (Return of Service demonstrating that Defendant Chavoita Lesane was personally served with these two documents). The undersigned granted Plaintiff's Motion on June 30, 2020 and ordered Defendant to show cause why this Court should not find him in civil contempt for failing to answer Plaintiff's requests for information about his ability to pay the unpaid judgment. DE 45. Defendant was also ordered to explain why this Court should not sanction him or why he should not be ordered to pay fees and costs to the Plaintiff. *Id.* This Court gave Defendant until July 17, 2020 to respond. Defendant failed to do so and to date has made no response in this case.

On January 13, 2021, the undersigned directed Plaintiff to submit evidence regarding the amount of fees and costs incurred in pursuing Defendant's deposition and preparing her Motion for Order to Show Cause. DE 46. In response, Plaintiff supplied two affidavits to the Court on January 22, 2021. *See* DE 47. The Affidavit of Attorney's Fees proffers that Plaintiff's counsel incurred seven hours of work related to the post-judgment deposition attempts and Plaintiff's

Motion for Order to Show Cause, at a total cost of $1,900.00. DE 47-1 at 4. In addition, Plaintiff incurred $245.00 in costs. *Id.* Thus, Plaintiff proffers the total costs and fees incurred as $2,145.00. *Id.*

## DISCUSSION

### I. Magistrate Judge's Authority Regarding Contempt

Generally speaking, under the Federal Magistrates Act, 28 U.S.C. §636(e), a magistrate judge may not exercise contempt power in cases, such as the present case, where the parties have not consented to magistrate jurisdiction and the act constituting contempt occurred outside the magistrate judge's presence. In such cases, the magistrate judge must certify the relevant facts "and serve the alleged [violator] with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts." *Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at *1 (S.D. Fla. June 1, 2010). *See E&C Copiers Exp. Imp. Corp. v. Arizas Fotocopiadoras S.A.S.*, 2017 WL 10186627, at *2 (S.D. Fla. Nov. 8, 2017) (observing that "[m]agistrate judges must refer contempt proceedings stemming from out-of-court action/inaction to district court judges." (internal quotations and citations omitted)). The certification of facts under Section 636(e) allows the district court to determine whether the moving party has put forth sufficient evidence for a finding of contempt. *Van De Velde NV v. Felder*, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017). The district judge shall then hear relevant evidence to determine if punishment is warranted, and, if punishment is warranted, the district judge shall enter an order setting forth such punishment. *Id*.

### II. Legal Standard for Granting a Motion for Contempt

Courts have the inherent power to enforce compliance with their lawful orders by the exercise of contempt powers. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). "A party seeking civil contempt bears the initial burden of proving by clear and

convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). The moving party must demonstrate that: "1) the allegedly violated order was valid and lawful; 2) the order was clear and unambiguous; and, 3) the alleged violator had the ability to comply with the order." *Mesa v. Luis Garcia Land Serv., Co.*, 218 F. Supp. 3d 1375, 1380 (S.D. Fla. 2016). Once the movant has satisfied this initial burden, the burden then shifts to the alleged violator to explain his noncompliance at a show cause hearing before the district court. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998); *Brother*, 2010 WL 2978077, at *2. At the show cause hearing, the alleged violator is permitted to show either that he did not violate the court order or that he was excused from complying. *Chairs*, 143 F.3d at 1436. To overcome a finding of contempt, the alleged violator must show that his failure to comply with the court's order was due to an inability to comply, despite making all reasonable efforts to comply. *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989). If alleged violator makes this showing, then the burden shifts back to the moving party to prove an ability to comply with the order. *Brother*, 2010 WL 2978077, at *2.

### III.    Certified Facts

Plaintiff argues that Defendant should be held in civil contempt for failing to comply with Plaintiff's subpoenas and attend his deposition and failing to respond to this Court's orders. *See* DE 36. Plaintiff also indicates that Defendants have failed to satisfy the Court's judgment award of $9,781.00. DE 36 at ¶ 3; 45 at ¶ 3.

The undersigned finds that Plaintiff has met her initial burden of demonstrating by clear and convincing evidence that Defendants had actual notice of the Final Default Judgment, deposition subpoenas, and the undersigned's Orders to respond, all of which were valid, lawful, clear, and unambiguous. First, the evidence demonstrates that Defendants had actual notice of the

Final Default Judgment. Upon the Court's May 26, 2020 Order, Plaintiff had Defendant personally served with a copy of the Final Default Judgment. DE 40-1. Defendant was personally served with the Final Default Judgment on June 2, 2020 at his place of employment. *Id.* (Return of Service of Process). Second, the evidence demonstrates that Defendants had actual notice of the deposition and document subpoena. Plaintiff's first subpoena duces tecum was sent to Defendant by certified mail at 100 Blue Grotto Drive, Fort Pierce, Florida 34945.[2] DE 44-1. Importantly, Plaintiff's second subpoena duces tecum, dated January 17, 2020, was personally served on Defendant at his place of employment on January 22, 2020. DE 44-3 (Return of Service of Process). Lastly, Defendants had actual notice of the undersigned's Orders. Docket Entry 38, the May 26, 2020 Order requiring Defendant to respond to Plaintiff's Motion for Order to Show Cause, was mailed to two different addresses associated with Defendant. DE 38 at 5. Plaintiff also had Defendant personally served with a copy of Docket Entry 38 on June 2, 2020. DE 40-1 (Return of Service of Process). The undersigned's Order on Plaintiff's Motion for Order to Show Cause, Docket Entry 45, was mailed to Defendant at the address where he was personally served three weeks earlier. DE 45 at 5.

Despite the numerous instances of actual notice, Defendants have failed to offer any explanation for not complying. They failed to respond to Plaintiff's Motion initially or during subsequent opportunities provided by the Court and have failed to respond to the undersigned's Order to Show Cause (DE 45). Accordingly, the undersigned certifies the above facts pursuant to

---

[2] This address is the one at which Defendant was personally served the summons in this case. DE 12. This address is also the one listed by the Florida Department of State, Division of Corporations, at which Defendant may be served as the registered agent for Chavam. *See* note 1, *supra*. At some point between February 12, 2016 and April 7, 2020, however, a letter sent to Defendant at this address was returned to sender and indicated that Defendant "does not live at this home address." *Compare* DE 31 at 4 *with* DE 36 at 5. Therefore, after April 7, 2020, the Court and Plaintiff sent filings by mail to 4707 Oleander Ave, Fort Pierce, Florida 34982, which purports to be Defendant's place of employment, instead of or in addition to the Blue Grotto Drive address. *See, e.g.,* DE 36 at 5; DE 45 at 5.

28 U.S.C. §636(e)(6)(B). Based on the foregoing facts, this Court finds that further civil contempt proceedings are warranted.

## IV. Plaintiff's Request for Fees and Costs in Connection with her Motions

Plaintiff also requests an order for Defendant to reimburse her costs and fees in bringing this motion. DE 36; DE 45 at ¶ 9. Plaintiff seeks a total of $1,900.00 in fees for seven hours of work, billed at at a rate of either $375.00 per hour or $250.00 per hour, depending on the attorney who performed the work. DE 47-1. Plaintiff seeks a total of $245.00 in costs, incurred in serving Defendant and retaining a Court Reporter for his depositions. *Id.* The undersigned finds the rates and the total hours expended by Plaintiffs' counsel to be reasonable given the amount of work done and the hourly rate. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) ("The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."). Accordingly, the undersigned recommends the District Court award Plaintiff fees in the amount of $1,900.00 and costs in the amount of $245.00.

## CONCLUSION

**ACCORDINGLY,** this Court recommends that the District Court conduct further civil contempt proceedings by requiring the Defendants to appear before the District Judge to show cause why they should not be found in contempt based on the facts this Court has certified. This Court also recommends that the District Court order Defendants to pay Plaintiff $2,145.00 for the fees and costs Plaintiff has incurred in pursuing Defendant's post-judgment depositions and the related motions.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a

de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 15th day of February, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

CC:   Counsel of Record (via CM/ECF "NEF")

Chavam Enterprises, Inc.
100 Blue Grotto Drive
Fort Pierce, FL 34945

Chavoita Lesane
100 Blue Grotto Drive
Fort Pierce, FL 34945

Chavoita Lesane
4707 Oleander Ave.
Fort Pierce, FL 34982